UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWNTE DUANE JACKSON,

          Plaintiff,

    v.

UNITED STATES, et al.,

          Defendants.

Case No. C18-398-RSM-MAT

REPORT AND RECOMMENDATION

I.    INTRODUCTION

Plaintiff Dwante Jackson, a former prisoner at the King County Correctional Facility ("KCCF"), is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. The sole remaining defendant is Yuliya Hall, a Corrections Officer at the KCCF. (*See* Dkts. 8, 9.) Currently before the Court is defendant's motion for summary judgment. (Dkt. 16.) She argues that plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and that she is entitled to qualified immunity. (*See id.*) Plaintiff did not file a response.

REPORT AND RECOMMENDATION - 1

Because the Court concludes that plaintiff did not exhaust his available administrative remedies, the Court recommends that defendant's motion for summary judgment be granted and that this action be dismissed without prejudice.[1]

## II.   BACKGROUND

A.   Plaintiff's allegations

Plaintiff was incarcerated at the KCCF from January 20, 2018, to January 30, 2019. (Dkt. 18 at ¶ 16.) Plaintiff alleges that on February 3, 2018, defendant placed him in a cell that had feces spread over the sink, faucet, toilet, and bed. (Dkt. 8 at 3.) He alleges the "stench" was overpowering and that when he asked defendant for cleaning supplies, she gave him one cloth rag. (*Id.*) He further alleges that he was forced to sleep on the floor, was unable to drink water due to the condition of the sink, and was not allowed to shower for the 48 hours he was housed in the cell. (*Id.*)

B.   Grievance procedure

The King County Department of Adult and Juvenile Detention's ("DAJD") grievance procedure is outlined in the Inmate Handbook. (Dkt. 18 at ¶ 4.) A "grievance" is a complaint, problem, or issue brought to the jail's attention via an Inmate Grievance Report form. (*Id.*) Inmate Grievance Report forms are available by requesting them from the officer on each housing floor and may be returned to a locked box in each unit. (*Id.*) Inmates are provided with instructions on how to file a grievance on the form itself and also in the Inmate Handbook under a section entitled "Grievance Procedures." (*Id.*)

Inmates are instructed to file any grievance within 14 days of the event prompting the grievance report. (*Id.* at ¶ 5.) The purpose of this time limit is to provide the jail an opportunity

---

[1] The Court does not reach defendant's argument that she is entitled to qualified immunity.

REPORT AND RECOMMENDATION - 2

to rectify any issues and to promptly perform any necessary investigation to minimize the risk of lost evidence or fading memories. (*Id.*) Per policy, absent rare and extraordinary circumstances, each grievance is reviewed and responded to within 10 days. (*Id.*)

Inmates are permitted to appeal the response to each grievance within 5 days if the inmate has new information or believes that the original reviewer committed "some possible error." (*Id.* at ¶ 6.) The instructions for appealing a grievance are included on the Inmate Grievance Report form, and inmates are instructed to use the same form that was submitted for the original grievance and that contains the reviewer's response. (*Id.*)

C.      Plaintiff's grievances

Defendants have submitted all the grievances plaintiff filed while at the KCCF. (*See* Dkt. 18.) Only one addresses the claim raised in this lawsuit. On February 23, 2018, plaintiff submitted a grievance that stated:

> 2/3/18 I was moved from 10 East to 7EUB5, when I arrived to the cell in 7EUB5, it was disgusting. I came there around lunch time and there was feces everywhere. I put a grievance in on 2/3/18 and I guess it wasn't taken to the sergeant because I haven't gotten a response so now I'm writing another one.

(*Id.* at 18.) Plaintiff also wrote, "I talk [sic] with C/O Hall to let me clean it and she did." (*Id.*) Staff responded on March 8, 2018, and plaintiff did not appeal. (*Id.* at 19.)

III.     DISCUSSION

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

REPORT AND RECOMMENDATION - 3

1  exhausted."). The prisoner must complete the administrative review process in accordance with
2  the applicable rules. *Woodford*, 548 U.S. at 92.

3      Defendant bears the initial burden of showing that there was an available administrative
4  remedy and that plaintiff did not exhaust that remedy. *Albino*, 747 F.3d at 1169, 1172. Once that
5  showing is made, the burden shifts to plaintiff, who must either demonstrate that he, in fact,
6  exhausted administrative remedies or "come forward with evidence showing that there is
7  something in his particular case that made the existing and generally available administrative
8  remedies effectively unavailable to him." *Id.* at 1172. The ultimate burden, however, rests with
9  defendant. *Id.*

10     Summary judgment is appropriate if the undisputed evidence, viewed in the light most
11 favorable to plaintiff, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a). Any
12 unexhausted claims should be dismissed without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108,
13 1120 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d at 1162 ("If the district court
14 concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal
15 of the claim without prejudice."); *Carrea v. California*, 551 Fed. Appx. 368, 369 (9th Cir. 2014)
16 (remanding for the entry of dismissal without prejudice because the proper remedy for non-
17 exhaustion is dismissal without prejudice).

18     Defendant has submitted evidence regarding the DAJD grievance program, summarized
19 above, that satisfies her initial burden of showing that plaintiff had an available administrative
20 remedy. The undisputed evidence, when viewed in the light most favorable to plaintiff, is that
21 plaintiff filed an initial grievance regarding the conditions of his cell on February 3, 2018, but that
22 he did not exhaust his available administrative remedies by filing an appeal. *See Bizzell v. King*
23 *Cnty. Dep't of Adult*, No. 16-401, 2016 WL 6956831, at *3 - *4 (W.D. Wash. Oct. 24, 2016)

REPORT AND RECOMMENDATION - 4

(plaintiff failed to exhaust DAJD's administrative remedies where he filed a grievance but did not appeal). Accordingly, defendant is entitled to summary judgment.

## IV. CONCLUSION

The Court recommends that defendant's motion for summary judgment (Dkt. 16) be GRANTED and that this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 31, 2019**.

Dated this 9th day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5